UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAWANA J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:24-cv-03564 (UNA) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The court grants the IFP application and, for the reasons explained below, it dismisses this matter without prejudice for want of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Petitioner, a resident of the District of Columbia, sues the District of Columbia pursuant to 42 U.S.C. § 1983, alleging that the District, who was apparently named as a defendant in lawsuits that plaintiff previously filed in the "lower courts," violated her "due process rights as a plaintiff by refusing to accept service of process[.]" *See* Compl. at 5. She contends that this "refusal has resulted in the violation of [her] civil rights and has hindered her access to justice, and she demands unspecified damages and an order declaring "that the actions of the District of Columbia violated her due process rights[,]" and "mandating the District of Columbia to accept service of process and proceed with the legal case." *See id*. at 5–6.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.  A party seeking relief in the district

court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

First, plaintiff has failed to state a federal question. *See* 28 U.S.C. § 1331. "There is no federal cause of action for refusal of service of process[.]" *Genco v. Webster Szanyi*, LLP, No. 18-cv-0093, 2018 WL 3827738, at *4 n.5 (W.D.N.Y. June 4, 2018), *R&R adopted*, 2018 WL 3819509 (W.D.N.Y. Aug. 10, 2018). This is because a plaintiff generally cannot recover against an opposing party under § 1983 for litigation abuses "after an action has been filed inasmuch as the trial court can deal with such situations in the ongoing action[,] . . . [t]hus, only *prefiling* conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *See Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003) (emphasis added); *Swekel v. City of River Rouge*, 119 F.3d 1259, 1263 (6th Cir. 1997) ("When the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable."), *cert. denied sub nom. Swekel v. Harrington*, 522 U.S. 1047 (1998); *see also Lewis v. Casey*, 518 U.S. 343, 354–55 (1996) (holding that the right of access is only a right to bring complaints to court, not a right to litigate them effectively once filed).

Plaintiff "has alleged no such conduct here. Instead, [s]he alleges merely that [the District] wrongfully interfered with service of process in some manner. As with other post-filing conduct, that alleged conduct could have been redressed if appropriate by[,]" ostensibly, the Superior Court of the District of Columbia,[1] in plaintiff's original actions, "even if [she had] discovered it only after th[ose] action[s] had been dismissed." *See Wiggins v. Logan*, 345 Fed. Appx. 811, 814 (3rd

---

[1] The court also notes that federal district courts generally lack jurisdiction to review or otherwise interfere with the decisions and actions of local and state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Cir. 2009) (per curiam) (citing Fed. R. Civ. P. 4(m), 60(b)) (finding that the plaintiff "did not state a federal claim" and affirming dismissal of the plaintiff's due process claims predicated on the defendant's "allegedly-fraudulent refusal to accept service" in a previous case). Also, plaintiff "may have been able to obtain relief" by filing an appeal to the D.C. Court of Appeals from any dismissal or other final appealable order. *See id.*; *see also* D.C. Ct. App. R. 4(a). Indeed, "an access-to-courts case," which predominantly, and quite limitedly, applies to prisoner litigants, cannot be premised, as here, upon "just any type of frustrated legal claim." *See Lewis*, 518 U.S. at 354; *see also Brown v. City of Fresno*, No. 14-cv-998, 2015 WL 5604337, at *3 (E.D. Cal. Sept. 23, 2015) ("plaintiff alleges that the DA, through its employees, did not accept service of process of his civil summons and complaint and thereby acted contrary to law. Taking these facts as true, he has not alleged that he was deprived of his civil right to access the courts[,]" thus failing to state "a cognizable section 1983 cause of action based on the right of access to courts, or any other civil right.").

Second, plaintiff has failed to establish diversity of citizenship. *See* 28 U.S.C. § 1332. The District of Columbia is not a citizen of a state for purposes of the diversity statute, and is, in fact, a "stateless entity." *See Long v. District of Columbia*, 820 F.2d 409, 416 (D.C. Cir. 1987). Even assuming *arguendo* that the District could be considered a "citizen" for purposes of diversity, plaintiff also resides in the District of Columbia, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). Furthermore, plaintiff has not specifically pleaded an amount in

controversy, nor can the court otherwise discern that plaintiff's damages purport to exceed $75,000.

For these reasons, this case is dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date: February 25, 2025

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge